Rob Justman (24436)
Logan Reasonover (36572)
The Cavanagh Law Firm, PA
1850 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
(602) 322-4000
rjustman@cavanaghlaw.com
lreasonover@cavanaghlaw.com
*Attorneys for Contractors Bonding and Insurance Company*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Contractors Bonding and Insurance Company,<br><br>    Plaintiff,<br><br>  v.<br><br>Trinity Kitchen and Bath LLC; Jesus Rodriguez; G&C Legacy LLC; Matthew Thrasher; Matthew A. Thrasher Revocable Trust; Andrea Mitchell,<br><br>    Defendants. | No. _____<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

  The Plaintiff, Contractors Bonding and Insurance Company ("CBIC"), brings this Complaint for Declaratory Judgment against its policyholder, Trinity Kitchen and Bath LLC ("Trinity") and Trinity's principal, Jesus Rodriguez ("Rodriguez"); the putative additional insured G&C Legacy LLC ("G&C"); and the claimants Matthew Thrasher, Matthew A. Thrasher Revocable Trust, and Andrea Mitchell (collectively "Thrasher"). CBIC alleges as follows:

**Introduction**

1.  CBIC seeks a declaratory judgment that it has no obligation to defend or indemnify Trinity, Rodriguez, and G&C under its insurance policies for the lawsuit brought by the homeowner Thrasher.

2.  Trinity and Rodriguez (collectively "Trinity") built a custom home for Thrasher in 2018.

3.  G&C was the developer of the custom home. Trinity was the general contractor. The construction contract was entered in 2017, and construction was completed in 2018. The home sold on June 10, 2019.

4.  Shortly after the home sold, Trinity stopped paying CBIC for its insurance. The insurance policy lapsed, and Trinity had no insurance between September 2019 and July 2020.

5.  In July 2020, Trinity applied for a new insurance policy with CBIC. Given the gap in insurance coverage, CBIC only agreed to issue a new insurance policy to Trinity with a prior work exclusion for any work completed by Trinity prior to June 21, 2019.

6.  Since construction of the custom home was completed in 2018, and the custom home was sold on June 10, 2019, the custom home fell within the prior work exclusion.

7.  On July 14, 2021, the custom home flooded in monsoon rains. The rainwater flooding resulted in water damage to the custom home. Thrasher claims the water damage to the custom home and personal belongings totals over $200,000.

8.  All the damages claimed by Thrasher arise out of the flooding of the custom home on July 14, 2021.

9.  Because the "property damage" occurred in July 2021, the insurance policy issued by CBIC to Trinity in effect at that time is the applicable insurance policy. The

2

other insurance policies issued by CBIC to Trinity prior to July 1, 2021 do not apply.

10. The applicable insurance policy carries the prior work exclusion. The prior work exclusion bars coverage for Thrasher's claims against Trinity and G&C.

11. Thrasher brought a lawsuit against Trinity and G&C for these claims. The insurance policies issued by CBIC to Trinity do not provide coverage for the lawsuit, and CBIC has no duty to defend and indemnify Trinity and G&C against the lawsuit.

12. CBIC brings this declaratory judgment action to establish that its insurance policies do not provide coverage for the Thrasher lawsuit, and CBIC has no duty to defend and indemnify Trinity and G&C against the Thrasher lawsuit.

### The Parties

13. CBIC is an Illinois corporation, with its principal place of business in Illinois.

14. Trinity is an Arizona limited liability company. Trinity is owned and operated by its member / manager Rodriguez.

15. Rodriguez is a resident and citizen of Arizona.

16. G&C is an Arizona limited liability company, owned and operated by its member / manager Andy Courtney and member Thomas Ginman.

17. Andy Courtney and Thomas Ginman are residents and citizens of Arizona.

18. Matthew Thrasher is a resident and citizen of Arizona.

19. The Matthew A. Thrasher Revocable Trust is an Arizona trust owned and operated by Matthew Thrasher.

20. Andrea Mitchell is a resident and citizen of Arizona.

### Jurisdiction of this Court

21. CBIC brings this action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.

22. The Court has subject matter jurisdiction over this declaratory action under

3

28 U.S.C. § 1332(a)(1). Subject matter jurisdiction is founded upon diversity of citizenship.

23. The citizenship of the Plaintiff – CBIC (Illinois) – is diverse from the citizenship of the Defendants – Trinity, Rodriguez, G&C, Matthew Thrasher, The Matthew A. Thrasher Revocable Trust, and Andrea Mitchell (Arizona).

24. The amount in controversy exceeds $75,000 (exclusive of interest and costs).

25. Trinity and G&C tendered their defense and indemnity against the Thrasher lawsuit to CBIC.

26. The costs of defending Trinity and G&C against the Thrasher lawsuit will exceed $75,000, and CBIC contends that it has no obligation to pay for the defense of Trinity and G&C.

27. Thrasher seeks damages against Trinity and G&C for amounts in excess of $75,000, and CBIC contends that it has no obligation to indemnify Trinity and G&C against these damages.

28. The controversy is ripe and justiciable. Trinity and G&C tendered their defense and indemnity against the Thrasher lawsuit to CBIC, and CBIC disputes it owes a duty to defend and a duty to indemnify Trinity and G&C against the Thrasher lawsuit.

29. The Court has personal jurisdiction over the Defendants.

30. Venue is appropriate in this District under 28 U.S.C. § 1391. The Defendants are subject to personal jurisdiction within this judicial district, and a substantial part of the events giving rise to this claim occurred in this District.

### Construction of the Custom Home

31. On August 1, 2017, the developer G&C and the general contractor Trinity entered the written agreement to build the custom home at 223 North Olsen Avenue, Tucson, Arizona ("the Custom Home").

4

32. Trinity completed construction of the Custom Home in 2018.

33. On June 10, 2019, G&C sold the Custom Home to Thrasher.

### Monsoon Flooding

34. Over two years later, on July 14, 2021, the Custom Home flooded in the monsoon rains.

35. The rainwater flooded from the street down into the Custom Home (which was below street level), and the rainwater freely flowed into the Custom Home through doorways and openings.

36. The monsoon flooding caused water damage to the Custom Home and the personal belongings of Thrasher.

37. Thrasher made claims against Trinity and G&C for over $200,000. The claims were for the estimated cost of repair of the water damage sustained in the flood; the cost of the damaged and/or destroyed personal property in the Custom Home at the time of the flood; and lost rents from the Custom Home following the flood ("the Claims").

### The Lawsuit

38. Thrasher brought the lawsuit against Trinity and G&C with the Arizona Superior Court for Pima County, captioned *Matthew Thrasher, et al. v. G&C Legacy LLC, et al.*, Case No. C20223174 ("the Lawsuit"). A copy of the complaint filed in the Lawsuit is attached hereto as Exhibit 1.

39. The Lawsuit seeks recovery of the damages stated in the Claims.

40. The jury trial for the Lawsuit commenced on September 9, 2024.

### Reservation of Rights

41. Trinity tendered its defense and indemnity against the Lawsuit to CBIC.

42. G&C tendered its defense and indemnity against the Lawsuit to CBIC.

43. CBIC agreed to provide for the defense of Trinity and G&C under full and

5

complete reservation of rights, including the right to withdraw from the defense, disclaim coverage for any judgment in the Lawsuit, and bring this declaratory judgment action to establish that CBIC does not owe any duty to defend or indemnify Trinity and G&C against the Lawsuit.

### **Insurance Policies**

44. CBIC issued five non-continuous commercial general liability insurance policies to Trinity.

45. The first insurance policy bears number A11AO3178, for the policy period of June 17, 2017 to June 17, 2018 ("the 2017 Policy").

46. The insuring agreement for the 2017 Policy generally applies to "property damage" caused by an "occurrence" and taking place during the policy period.

47. The 2017 Policy has an exclusion for "your work" (among other policy terms and exclusions).

48. A true and correct copy of the 2017 Policy is attached as Exhibit 2.

49. The 2017 Policy was renewed by Trinity under the same policy number A11AO3178, for the policy period of June 17, 2018 to June 17, 2019 ("the 2018 Policy").

50. The 2018 Policy has the same insuring agreement and exclusions as the 2017 Policy.

51. A true and correct copy of the 2018 Policy is attached as Exhibit 3.

52. Trinity renewed the 2018 Policy, but the renewal was short lived – within three months of renewal, Trinity stopped paying the policy premiums. The renewal policy was cancelled effective September 19, 2019. The policy period for this renewal policy was short: June 17, 2019 to September 19, 2019 ("the 2019 Short Policy").

53. The 2019 Short Policy has the same insuring agreement and exclusions as the 2017 Policy and 2018 Policy.

54. A true and correct copy of the 2019 Short Policy is attached as Exhibit 4.

55. Over nine months later, at the end of June 2020, Trinity decided to start paying for insurance again and Trinity submitted a new insurance application to CBIC.

56. CBIC agreed to issue a new insurance policy to Trinity subject to a prior work exclusion for any work completed prior to June 21, 2019.

57. The new insurance policy carried a new policy number, A11O6819, for the policy period of July 1, 2020 to July 1, 2021 ("the 2020 Policy").

58. The insuring agreement for the 2020 Policy generally applies to "property damage" caused by an "occurrence" and taking place during the policy period.

59. The 2020 Policy has the prior work exclusion, the "your work" exclusion, and the continuing damage exclusion (among others).

60. A true and correct copy of the 2020 Policy is attached as Exhibit 5.

61. The 2020 Policy was renewed by Trinity under the same policy number, for the policy period of July 1, 2021 to July 1, 2022 ("the 2021 Policy").

62. The 2021 Policy has the same insuring agreement as the 2020 Policy, and it has the prior work exclusion, "your work" exclusion, and continuing damage exclusion (among others).

63. A true and correct copy of the 2021 Policy is attached as Exhibit 6.

64. The 2017 Policy, 2018 Policy, 2019 Short Policy, 2020 Policy, and 2021 Policy are sometimes collectively referred to as "the Policies."

**Water Damage Sustained In The Flood Is The Property Damage**

65. The Policies' insuring agreement generally applies to "property damage" caused by an "occurrence" and taking place during the policy period.

66. Faulty or defective workmanship is not "property damage" caused by an "occurrence."

67. Trinity's allegedly faulty or defective workmanship on the Custom Home, including the drainage for the Custom Home, is not "property damage" caused by an

"occurrence."

68. An "occurrence" is defined by the Policies as "an accident." The only "accident" or "occurrence" resulting in "property damage" during the policy period is the July 2021 monsoon flooding of the Custom Home in rainwater.

69. The July 2021 flooding of the Custom Home resulted in "property damage" caused by "an accident" or "occurrence" taking place during the policy period for the 2021 Policy.

70. The insuring agreement for the 2021 Policy is triggered by the Lawsuit.

71. The insuring agreement for the 2017 Policy, 2018 Policy, 2019 Short Policy, and 2020 Policy was not triggered by any "accident" or "occurrence" resulting in "property damage" during the policy period.

72. The 2017 Policy, 2018 Policy, 2019 Short Policy, and 2020 Policy do not provide coverage for the Lawsuit because their insuring agreement does not apply to the Lawsuit.

73. The "your work" exclusion of the 2017 Policy, 2018 Policy, 2019 Short Policy, and 2020 Policy independently precludes coverage for the Lawsuit because the entire Custom Home was the work of Trinity. The "your work" exclusion precludes coverage for "property damage" to "your work": the Custom Home.

### The Prior Work Exclusion Bars Coverage For The Lawsuit

74. The 2021 Policy has a designated work exclusion ("the prior work exclusion").

75. The prior work exclusion provides: "This insurance does not apply to 'bodily injury' or 'property damage' included in the 'products-completed operations hazard' and arising out of 'your work' shown in the Schedule."

76. The Schedule shows: "'Your work' completed prior to 6/21/2019"; and "'Your work' completed from 12:01am 6/21/2020 to 12:01am 7/1/2020."

8

77. Trinity completed construction of the Custom Home in 2018, and G&C sold the Custom Home to Thrasher on June 10, 2019.

78. The water damage sustained in the flooding of the Custom Home was "property damage" caused by an "occurrence" and taking place during the policy period for the 2021 Policy. This happened over two years after the Custom Home was sold to Thrasher.

79. The "property damage" is included in the "products-completed operations hazard," as defined by the 2021 Policy, because the work was already completed and the Custom Home was already sold by the time the 2021 Policy incepted.

80. The "property damage" arose out of Trinity's work completed prior to June 21, 2019.

81. The prior work exclusion applies and excludes coverage for the Lawsuit under the 2021 Policy.

**The Continuing Damage Exclusion Also Bars Coverage**

82. The 2021 Policy has the continuing or progressive injury or damage exclusion ("the continuing damage exclusion").

83. The continuing damage exclusion precludes coverage for (among other things) "property damage" that "was caused by or alleged to have been caused by any defect or injury which existed prior to the policy period."

84. Trinity completed construction of the Custom Home in 2018. There was no "accident" or "occurrence" causing "property damage" until the monsoon rains and resulting flooding in July 2021. The "property damage" resulting from the flooding was "caused by or alleged to have been caused by [faulty or defective workmanship on the Custom Home] which existed prior to the policy period."

85. The alleged faulty or defective workmanship that resulted in the monsoon flooding of the Custom Home was done by Trinity in 2018. The alleged defect to the

9

Custom Home existed years before the policy period for the 2021 Policy. And the resulting "property damage" caused by the rainwater flowing into the Custom Home is barred from coverage by the continuing damage exclusion.

86. The continuing damage exclusion precludes coverage for the Lawsuit under the 2021 Policy.

### The Your Work Exclusion Precludes Coverage

87. The 2021 Policy (and all the Policies) carry the "your work" exclusion. The "your work" exclusion bars from coverage "'property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard.'"

88. Trinity constructed the entire Custom Home. The entire Custom Home is Trinity's work: "your work," as defined by the Policies.

89. The "property damage" to the Custom Home – "your work" – in the July 2021 flooding arose out of "your work," including the drainage work done by Trinity, and is included in the "products-completed operations hazard" (as defined by the Policies).

90. The "your work" exclusion equally precludes coverage for all of the damages stated in the Lawsuit excepting only the personal belongings of Thrasher damaged in the July 2021 flooding under the 2021 Policy.

### The Lawsuit Is Not Covered by the Policies

91. CBIC incorporates by this reference the full and complete contents of the Policies, found at Exhibits 2 through 6, as though the same were fully quoted in this paragraph.

92. CBIC is entitled to a declaratory judgment that the terms, provisions, definitions, exclusions, limitations, conditions, and endorsements of the Policies preclude coverage for the Lawsuit.

93. The Policies do not afford coverage for faulty or defective workmanship.

The insuring agreement for the Policies extends only to "property damage" caused by "an accident" or "occurrence" and taking place during the policy period.

94. The "property damage" claimed in the Lawsuit is the water damage sustained by the Custom Home and the personal belongings in the Custom Home that were damaged in the monsoon flooding of July 2021.

95. The 2017 Policy, 2018 Policy, 2019 Short Policy, and 2020 Policy do not provide coverage for the Lawsuit because their insuring agreement does not apply to the Lawsuit.

96. The "your work" exclusion equally precludes coverage for the Lawsuit under the 2017 Policy, 2018 Policy, 2019 Short Policy, and 2020 Policy.

97. The 2021 Policy has a prior work exclusion which bars coverage for the Lawsuit because the construction of the Custom Home (and the sale of the Custom Home) was completed prior to June 21, 2019. The Custom Home was prior construction by Trinity that was not covered by the 2021 Policy when it incepted on July 1, 2021.

98. The continuing damage exclusion of the 2021 Policy also precludes coverage for the Lawsuit because the monsoon flooding was allegedly caused by construction defects that existed prior to the policy period for the 2021 Policy. Again, construction of the Custom Home was completed years earlier, in 2018.

99. The "your work" exclusion equally bars coverage under the 2021 Policy for the damages claimed in the Lawsuit, excepting only the personal belongings of Thrasher damaged in the flood, because the entire Custom Home was Trinity's work.

100. The Policies do not provide coverage for the Lawsuit. CBIC has no duty to defend or indemnify Trinity and G&C against the Lawsuit.

### G&C Is Not An Additional Insured For The Lawsuit

101. The Policies provide that G&C is an additional insured only with respect to "property damage" caused by Trinity's negligence in the performance of Trinity's

11

ongoing operations.

102. G&C's status as an additional insured ends when Trinity's operations are completed.

103. Additional insured status does not extend to G&C for "property damage" occurring after all work on the construction project has been completed.

104. The "property damage" within the insuring agreement of the Policies – the water damage to the Custom Home and personal belongings in the July 2021 monsoon flooding – occurred years after Trinity's work on the project was completed. G&C was not an additional insured for this "property damage."

105. The "property damage" did not occur during Trinity's ongoing operations. The "property damage" was within the "products-completed operations hazard," as defined by the Policies. G&C is not an additional insured for such "property damage."

106. G&C's status as an additional insured ended in 2018, when the construction of the Custom Home was completed. G&C was not an additional insured at the time of the July 2021 monsoon flooding that caused the "property damage" to the Custom Home and personal belongings.

107. G&C is therefore not an additional insured under the Policies for the Lawsuit.

### Other Policy Terms and Exclusions

108. The Policies have other terms, definitions, provisions, exclusions, limitations, conditions, and endorsements which independently preclude, exclude, and/or limit coverage for the Lawsuit.

109. The Policies do not provide coverage for the Lawsuit.

110. CBIC relies upon the entire contents of the Policies, as previously incorporated by reference into this Complaint for Declaratory Judgment at Paragraph 91, as grounds for the following claims for relief.

# FIRST CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT ON THE DUTY TO DEFEND)

111. CBIC realleges paragraphs 1 through 110 as though fully repeated in this claim for relief.

112. The terms, definitions, provisions, exclusions, limitations, conditions, and endorsements of the Policies preclude coverage for the Lawsuit.

113. The Policies do not provide coverage, including defense coverage, for the Lawsuit.

114. CBIC owes no defense coverage to Trinity and G&C for the Lawsuit.

115. CBIC has no duty to defend Trinity and G&C against the Lawsuit.

116. CBIC is entitled to a declaratory judgment that it has no duty to defend Trinity and G&C against the Lawsuit.

117. CBIC is entitled to a declaratory judgment that the Policies do not provide coverage, including defense coverage, for the Lawsuit.

# SECOND CLAIM FOR RELIEF

## (DECLARATORY JUDGMENT ON THE DUTY TO INDEMNIFY)

118. CBIC realleges paragraphs 1 through 117 as though fully repeated in this claim for relief.

119. The terms, definitions, provisions, exclusions, limitations, conditions, and endorsements of the Policies preclude coverage for the Lawsuit.

120. The Policies do not provide coverage, including indemnity coverage, for the Lawsuit.

121. CBIC owes no indemnity coverage to Trinity and G&C for the Lawsuit.

122. CBIC has no duty to indemnify Trinity and G&C against any judgment in the Lawsuit.

123. CBIC is entitled to a declaratory judgment that it has no duty to indemnify

13

Trinity and G&C against any judgment in the Lawsuit.

124. CBIC is entitled to a declaratory judgment that the Policies do not provide coverage, including indemnity coverage, for the Lawsuit.

### THIRD CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT ON ADDITIONAL INSURED STATUS)

125. CBIC realleges paragraphs 1 through 124 as though fully repeated in this claim for relief.

126. G&C does not qualify as an additional insured for the Lawsuit under the Policies' terms, definitions, provisions, exclusions, limitations, conditions, and endorsements.

127. G&C does not qualify as an additional insured for the "property damage" claimed in the Lawsuit.

128. CBIC owes no additional insured coverage to G&C for the Lawsuit.

129. CBIC has no duty to defend G&C as an additional insured against the Lawsuit.

130. CBIC has no duty to indemnify G&C as an additional insured against any judgment in the Lawsuit.

131. CBIC is entitled to a declaratory judgment that the Policies do not provide additional insured status to G&C for the Lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, CBIC prays for the Court to enter a judgment declaring:

A. The Policies issued by CBIC to Trinity do not provide coverage for the Lawsuit.

B. CBIC does not have a duty to defend Trinity and G&C against the Lawsuit.

C. CBIC does not have a duty to indemnify Trinity and G&C against any judgment in the Lawsuit.

D.  G&C does not qualify as an additional insured for the Lawsuit.

E.  CBIC has no duty to defend or indemnify G&C as an additional insured against the Lawsuit.

F.  CBIC is entitled to an award of its attorneys' fees incurred in this action pursuant to A.R.S. § 12-341.01.

G.  CBIC is entitled to an award of its costs incurred in this action under A.R.S. § 12-341.

H.  CBIC is entitled to such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED September 12, 2024.

THE CAVANAGH LAW FIRM, PA

By: */s/ Rob A. Justman*
    Rob Justman
    Logan Reasonover
    1850 North Central Avenue, Suite 1900
    Phoenix, Arizona 85004
    *Attorneys for Contractors Bonding and Insurance Company*

15